Cheri **MARCHIONDA, Plaintiff,**

v.

**EMBASSY SUITES, INC., Embassy Suites Franchise, LLC, Embassy Suites Management, LLC, Hilton Worldwide, Inc., Hilton Worldwide Holdings, Inc., Hammons, Inc., John Q. Hammons Hotels, Inc., John Q. Hammons Hotels Management, LLC, Atrium TRS III, LP, and John Doe Corporations, 1–10, Defendants.**

Civil Action No. 15–4059 (JBS/KMW).

United States District Court,
D. New Jersey.

Signed Aug. 12, 2015.

---

Michael Albert Hanamirian, The Hanamirian Firm, P.C., Philadelphia, PA, Paul D. Brandes, Villari Brandes & Giannone, PC, Conshohocken, PA, for Plaintiff.

Lary Ira Zucker, Marshall, Dennehey, Warner, Coleman & Goggin, PC, Cherry Hill, NJ, Bernard J. Tkaczynski, Law Offices William E. Staehle, Marlton, NJ, for Defendant.

## ORDER DISMISSING DEFENDANTS' MOTIONS TO DISMISS WITHOUT PREJUDICE AND PERMITTING PLAINTIFF TO SEEK LIMITED JURISDICTIONAL DISCOVERY

JEROME B. SIMANDLE, Chief Judge.

This matter comes before the Court by way of Defendants'[1] motions to dismiss Plaintiff Cheri Marchionda's (hereinafter, "Plaintiff") Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) [see Docket Items 7 & 9]; and by way of Plaintiff's informal application to defer Defendants' motions and to permit jurisdictional discovery. [See Docket Item 10.] For the reasons that follow, Defendants' motions will be dismissed without prejudice, and with the right to refile upon completion of jurisdictional discovery relative to Defendants' contacts with this forum.[2]

The events giving rise to this litigation occurred exclusively at the Embassy

---

[1]. A single counsel represents Embassy Suites, Inc., Embassy Suites Franchise, LLC, Embassy Suites Management, LLC, Hilton Worldwide, Inc., Hilton Worldwide Holdings, Inc., Hammons, Inc., John Q. Hammons Hotels, Inc., John Q. Hammons Hotels Management, LLC, Atrium TRS III, LP (hereinafter, the "Embassy/Hilton Defendants"), while a separate counsel represents Hammons, Inc. (hereinafter, the "Hammons Defendant"). The Embassy/Hilton Defendants state that two of Embassy entities identified by Plaintiff's Complaint, Embassy Suites Franchise, LLC and Embassy Suites, Inc., have merged out of existence and/or never constituted an actual legal entity. (Wilcox Aff. at 7, 9.) This issue, however, has no impact on this Order.

[2]. On July 31, 2015, Plaintiff moved for an extension of time to file opposition to Defendants' motions, pending the Court's resolution of Plaintiff's request for jurisdictional discovery. [See Docket Item 14.] Because the Court will dismiss Defendants' motions without prejudice and will permit a limited period of jurisdictional discovery, Plaintiff's motion for an extension of time will be dismissed as moot.

Suites Hotel in Des Moines, Iowa on April 11, 2014, while Plaintiff remained a guest of the hotel. (*See generally* Compl. at ¶ 4.) In her Complaint, Plaintiff alleges that another guest of the hotel, Christopher Lapointe (hereinafter, "Lapointe"), sexually assaulted her in her hotel room, after hotel personnel permitted him to enter her room. (*See generally id.* at ¶¶ 55–56, 61, 74–81.) Plaintiff states, in particular, that a hotel clerk gave Lapointe a key card to her room and claims that hotel maintenance personnel then bypassed the lock after the key card failed, in order for Lapointe to obtain entry. (*Id.* at ¶¶ 74–81.) As a result, Plaintiff asserts claims against the owner and operator of the hotel, the franchisor and its parent, and other purportedly related corporate entities, for "negligence, gross negligence, recklessness and willful wanton and outrageous misconduct" and for punitive damages. (*Id.* at 97–101.).

All Defendants now move to dismiss Plaintiff's Complaint on the grounds that their contacts with this forum prove insufficient for this New Jersey federal Court to obtain general or specific personal jurisdiction over them. (*See, e.g.,* Embassy/Hilton Defs.' Br. at 10–12, 14–21; Hammons Def. Br. at 3–5.).

Sufficient jurisdictional contacts arise in two forms: general and specific. *Daimler AG v. Bauman,* —— U.S. ——, 134 S.Ct. 746, 754, 187 L.Ed.2d 624 (2014). General jurisdiction, on one hand, generally requires that the defendant's contacts be "so 'continuous and systematic' as to render them essentially at home in the forum State.' " *Id.* For that reason, a defendant's "place of incorporation and principal place of business" constitute the paradigmatic bases for finding a corporate defendant "at home." *Id.* In order to trigger general jurisdiction in locations other than these places, the defendant's "operations" must prove " 'so substantial and of such a nature as to render the corporation' " essentially at home within the relevant state. *Otsuka Pharm. Co., Ltd. v. Mylan Inc.,* 106 F.Supp.3d 456, 465, 2015 WL 1305764, at *7 (D.N.J. Mar. 23, 2015) (quoting *Daimler,* 134 S.Ct. at 754). Specific jurisdiction, on the other hand, requires that the suit " 'arise out of or relate to the defendant's [specific] contacts with the forum.' " *Daimler,* 134 S.Ct. at 754 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)).

Plaintiff's Complaint in this instance makes plain that New Jersey does not constitute the place of incorporation and/or the principal place of business for any Defendant. (*See generally* Compl. at ¶¶ 5–40.) Indeed, Plaintiff's own Complaint readily acknowledges that each Defendant qualifies as an out-of-state corporation (and identifies their out-of-state places of incorporation and principal business). (*See generally id.*) Plaintiff nevertheless alleges that each Defendant "engages in substantial business in the State of New Jersey and [otherwise] has significant contacts with New Jersey." (*Id.* at ¶¶ 6, 10, 14, 18, 22, 26, 30, 34, 38.).

In the pending motions, however, Defendants state that they have not directed activities towards New Jersey, nor have they otherwise availed themselves of this forum. (*See* Embassy/Hilton Defs.' Br. at 10–12, 14–21; Hammons Def.'s Br. at 3–5.) Defendants have further bolstered these jurisdictional assertions with affidavits from corporate officers, with each stating that the relevant Defendant lacks any jurisdiction—conferring contacts within this District. (*See, e.g.,* Wilcox Aff. (concerning Hilton Worldwide, Inc., Hilton Worldwide Holdings, Inc., Embassy Suites Management, LLC, Embassy Suites Franchise, LLC, and Embassy Suites, Inc.); Groves Aff. (concerning John Q. Hammons Hotels,

Inc., John Q. Hammons Hotels Management, LLC); Cameron Aff. (concerning Atrium TRS III, LP); Groves Aff. (concerning Hammons, Inc.).) In light of Plaintiff's "specific, non-frivolous assertions in her Complaint regarding Defendants' substantive contacts with [this] jurisdiction," however, Plaintiff requests ninety (90) days of jurisdictional discovery, "consistent with Third Circuit precedent."[3] [Docket Item 10.].

 The Court of Appeals for the Third Circuit directs district courts to permit "jurisdictional discovery" unless the plaintiff's jurisdictional claims appear "'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 456 (3d Cir.2003) (quoting *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n,* 107 F.3d 1026, 1042 (3d Cir.1997)). Indeed, if "a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' the plaintiff's right to conduct jurisdictional discovery [must] be sustained." *Id.* (internal citation omitted). Jurisdictional discovery should not, however, serve as "a fishing expedition" into the underlying merits, all while "under the guise of jurisdictional discovery." *LaSala v. Marfin Popular Bank Public Co., Ltd.,* 410 Fed.Appx. 474, 478 (3d Cir.2011).

 Based upon the record developed thus far, the Court has serious doubts concerning whether any amount of discovery would demonstrate a basis for this New Jersey federal court to exercise personal jurisdiction over the Defendants, particularly because this action appears to stem entirely from out-of-state conduct of seemingly out-of-state entities. (*See generally* Compl.) Even more, Plaintiff's allegations concerning the substantiality of Defendants' contacts with this forum are, at least in part, entirely conclusory. Indeed, Plaintiff simply states, with little detail, that each Defendant "engages in substantial business in the State of New Jersey and [otherwise] has significant contacts with New Jersey." (Compl. at 6, 10, 14, 18, 22, 26, 30, 34, 38.)

Nevertheless, as alleged in Plaintiff's Complaint, this action involves a maze of well-known and large corporate entities, with numerous corporate forms, and operations wide in scope.[4] As a result, the Court cannot conclude, upon this record, that Plaintiffs have presented *no* factual allegations that suggest with reasonable particularity the *conceivable* existence of the requisite contacts between Defendants and the forum state. *See Toys "R" Us, Inc.,* 318 F.3d at 456. Nor can the Court find Plaintiff's jurisdictional allegations wholly frivolous. *See Witasick v. Estes,* No. 11–3895, 2012 WL 3075988, at *7 (D.N.J. July 30, 2012) (declining to permit jurisdictional discovery, where the plaintiff's jurisdictional claims were "clearly frivolous").

Therefore, the Court finds a limited period of jurisdictional discovery appropriate prior to addressing Defendants' jurisdictional challenges. [*See generally* Docket Items 7 & 9.] The Court will not, however, allow unfettered discovery, nor will it per-

---

**3.** Counsel for Plaintiff's July 14, 2015 letter states that counsel for the Embassy/Hilton Defendants initially agreed to a period for jurisdictional discovery, but later changed his position after consulting with his clients. [*See* Docket Item 10.].

**4.** This period for jurisdictional discovery will also allow counsel to confer and come to

agreement about which defendant entities are necessary parties and which others can be voluntarily dismissed, thus limiting the scope of jurisdictional discovery to the remaining defendants and possibly speeding resolution of the case. Counsel for plaintiff and for defendants are strongly encouraged to do so now.

mit Plaintiff to engage in an endless fish-. ing expedition. Rather, the Court will permit Plaintiff to serve appropriately-tailored interrogatories and document requests, in addition to written deposition requests upon Defendants' affiants. *See* Fed.R.Civ.P. 31, 33, & 34. The substance of these discovery requests must be focused upon the substantiality of each Defendant's contacts with this forum, bearing in mind the binding case law on general jurisdiction over corporate defendants, above. Moreover, the jurisdictional discovery must be completed, in its entirety, by no later than September 30, 2015, and any discovery disputes should be directed to the Honorable Karen M. Williams, U.S. Magistrate Judge. Consequently, for good cause shown;

IT IS this **12th** day of **August, 2015** hereby

**ORDERED** that Defendants' motions to dismiss for lack of personal jurisdiction [Docket Items 7 & 9] shall be, and hereby are, *DISMISSED WITHOUT PREJUDICE,* with the right to refile upon completion of jurisdictional discovery relative to Defendants' contacts with this forum; and it is further

**ORDERED** that Plaintiff's motion for an extension of time [Docket Item 14] shall be, and hereby is, *DISMISSED AS MOOT;* and it is further

ORDERED that the jurisdictional discovery set forth herein shall be completed by no later than *September 30, 2015;* and it is further

**ORDERED** that any discovery disputes shall be directed to the Honorable Karen M. Williams, U.S. Magistrate Judge.