**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2881-22

IAN CRESPI,

    Plaintiff-Respondent,

v.

VAPE ZEPPY, MICHAEL EILYUK,
EDWARD VINOKUR, SOCIALITE
E-CIGS, LLC, THOMAS
OTTOMBRINO, MAYVILLAGE
TRADING, LLC, TIANGANG YU,
CCM CUSTOMS, INC., and TED A.
BURKHALTER, JR.,

    Defendants-Respondents,

and

LG CHEM, LTD.,

    Defendant-Appellant.

_____

Argued January 16, 2024 – Decided March 27, 2024

Before Judges Gilson, DeAlmeida, and Bishop-Thompson.

On appeal from interlocutory orders of the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-5099-17.

Rachel Atkin Hedley (Nelson Mullins Riley & Scarborough LLP) of the South Carolina bar, admitted pro hac vice, argued the cause for appellant (McCarter & English, LLP, Lewis Brisbois Bisgaard & Smith, LLP, and Rachel Atkin Hedley, attorneys; David R. Kott, James S. Rehberger, and Rachel Atkin Hedley, on the briefs).

Rachel Elizabeth Holt argued the cause for respondent Ian Crespi (Rebenack, Aronow & Mascolo, LLP, attorneys; Craig M. Aronow, of counsel; Rachel Elizabeth Holt, on the brief).

PER CURIAM

In this product liability action, plaintiff and one defendant dispute the proper scope of jurisdictional discovery. On leave granted, defendant LG Chem, Ltd. (LG Chem) appeals from three orders denying its request to limit jurisdictional discovery and granting plaintiff's motion to compel answers to twenty-two interrogatories. Because twenty-one of the disputed interrogatories seek information that does not relate to personal jurisdiction, we reverse in part. Only one of the disputed interrogatories might produce information related to jurisdiction and, therefore, we affirm in part. In short, LG Chem will be required to supplement its answer to interrogatory number 71, but it need not provide or

2

supplement answers to interrogatory numbers 2, 3, 7, 11, 15, 19, 23, 27, 31, 35, 39, 43, 47, 51, 55, 59, 63, 67, 84, 92, and 99.

I.

In December 2016, plaintiff Ian Crespi was injured when the vape he was using exploded. Plaintiff filed a product liability action against several defendants and alleged that those defendants had been involved in the manufacture, distribution, and sale of the vape or its component parts. In December 2019, plaintiff filed a third amended complaint naming LG Chem as one of the defendants. Plaintiff identified the battery that he alleged exploded in the vape as a "model MXJO 18650F 3000mah 35A high drain rechargeable flat top battery." He contended that the battery was either manufactured by Shenzhen MXJO Technologies Co. (MXJO Tech) or LG Chem. MXJO Tech is a company based in Shenzhen, China, and it was not named as a defendant in the third amended complaint.

LG Chem is a South Korean company headquartered in Seoul, South Korea. It designs, manufactures, and sells a wide variety of consumer products, including an 18650 lithium-ion battery cell (the 18650 battery). LG Chem has certified that it never designed, manufactured, distributed, advertised, or sold batteries under the brand "MXJO." LG Chem also certified that it does not do

3

any business in New Jersey, never conducted any business with any of the co-defendants, and never authorized them to advertise, distribute, or sell its 18650 battery to consumers as stand-alone batteries.

In response to plaintiff's third amended complaint, LG Chem moved to dismiss the complaint for insufficient service of process or, in the alternative, for lack of personal jurisdiction. In August 2020, the trial court denied LG Chem's motion. The trial court reasoned that the service of process was sufficient, and that LG Chem was subject to specific personal jurisdiction in New Jersey because it had "placed its faulty batteries into the stream of commerce to New Jersey."

We granted leave to appeal, and in March 2022, we issued an opinion reversing the trial court's order and remanding the matter. Crespi v. Vape Zeppy, No. A-2044-20 (App. Div. Mar. 18, 2022) (slip op. at 2-3). We concluded that the trial court's factual findings concerning the issues of service of process and specific jurisdiction were insufficient. Id. at 13, 16. Consequently, we remanded the matter and directed the trial court to "perform the fact-specific inquiry required to render a decision" on the issue of proper service. Id. at 13. Concerning specific jurisdiction, we directed that if the trial court reached that issue on remand, it "must provide a schedule for the parties

to conduct jurisdictional discovery, conduct an evidentiary hearing after that discovery is completed, and then make findings of jurisdictional facts to support a decision and properly adjudicate the motion." Id. at 17.

After the matter was remanded, plaintiff properly served LG Chem. The parties then agreed to a proposed discovery plan, which was approved by the trial court. Thereafter, plaintiff propounded 101 interrogatories. LG Chem objected to many of those interrogatories, contending that they were not appropriately limited to jurisdictional issues. After the parties could not reach an agreement, LG Chem moved for a protective order to limit the scope of the jurisdictional discovery.

On September 26, 2022, the trial court entered an order and statement of reasons denying LG Chem's motion and directing LG Chem to respond to the interrogatories. The court reasoned that "[p]laintiff's interrogatories, when viewed through the lens of New Jersey's broad discovery rules, can lead to the type of 'affiliation,' 'connection' or 'relationship' to the State of New Jersey that would give rise to specific personal jurisdiction."

LG Chem then produced answers to certain interrogatories and moved for reconsideration to limit the scope of jurisdictional discovery. In response, plaintiff cross-moved to compel answers or supplemental answers to twenty-two

A-2881-22

interrogatories. Specifically, plaintiff sought answers to or supplemental answers to interrogatory numbers 2, 3, 7, 11, 15, 19, 23, 27, 31, 35, 39, 43, 47, 51, 55, 59, 63, 67, 71, 84, 92, and 99.

After hearing argument, on November 18, 2022, the trial court issued two orders: one denying LG Chem's motion for reconsideration, and another granting plaintiff's motion to compel. LG Chem moved for leave to appeal from the September 26, 2022 order and the two November 18, 2022 orders. We initially denied that motion. The Supreme Court, however, granted LG Chem's motion for leave to appeal and summarily remanded the matter to us to consider the merits of this discovery dispute.

II.

On appeal, LG Chem argues that the trial court abused its discretion and committed legal errors by ordering it to respond to interrogatories that exceeded the boundaries of jurisdictional discovery. Specifically, LG Chem argues that the trial court erred by putting the burden on it to show that the discovery was overly burdensome. LG Chem also contends that the trial court erred by ordering it to "answer discovery that was not narrowly tailored to a viable theory of [personal] jurisdiction."

Appellate courts generally use a deferential standard of review when considering a trial court's discovery orders. Keyworth v. CareOne at Madison Ave., 476 N.J. Super. 86, 100 (App. Div. 2023) (citing Brugaletta v. Garcia, 234 N.J. 225, 240 (2018)). Nevertheless, if the trial court misapplies the law or abuses its discretion, appellate courts will reverse a discovery ruling. See Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019); Brugaletta, 234 N.J. at 240.

A. Jurisdictional Discovery.

Whether a court can exercise personal jurisdiction over a defendant "must be resolved at the outset, 'before the matter may proceed.'" Rippon v. Smigel, 449 N.J. Super. 344, 359 (App. Div. 2017) (quoting Citibank, N.A. v. Est. of Simpson, 290 N.J. Super. 519, 532 (App. Div. 1996)). Courts in New Jersey can exercise personal jurisdiction over non-resident defendants "to the uttermost limits permitted by the United States Constitution." Jardim v. Overley, 461 N.J. Super. 367, 377 (App. Div. 2019) (quoting Avdel Corp. v. Mecure, 58 N.J. 264, 268 (1971)). To be subject to personal jurisdiction, a defendant must "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

In this case, there is no dispute that LG Chem is not subject to general jurisdiction in New Jersey.  Instead, the question is whether LG Chem is subject to specific personal jurisdiction.  To establish specific personal jurisdiction, the defendant must have purposely availed itself of some benefit in the forum state, and the plaintiff's claims "must 'arise out of or relate to' the defendant's forum-related activities."  Jardim, 461 N.J. Super. at 376 (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984)).  In other words, "the minimum contacts inquiry must focus on 'the relationship among the defendant, the forum, and the litigation.'"  Lebel v. Everglades Marina, Inc., 115 N.J. 317, 323 (1989) (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)).  "The 'minimum contacts' requirement is satisfied so long as the contacts resulted from the defendant's purposeful conduct and not the unilateral activities of the plaintiff."  Ibid. (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297-98 (1980)).

"The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State" sufficient to establish specific personal jurisdiction.  Asahi Metal Indus. Co. v. Superior Ct., 480 U.S. 102, 112 (1987); see also J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 888 (2011) (Breyer, J., concurring) (explaining that "the

[United States Supreme] Court, in separate opinions, has strongly suggested that a single sale of a product in a State does not constitute an adequate basis for asserting jurisdiction over an out-of-state defendant").

Whether a court can exercise personal jurisdiction over a defendant turns on notions of "fair play and substantial justice," which are rooted in constitutionally protected rights. Int'l Shoe Co., 326 U.S. at 316 (quoting Milliken, 311 U.S. at 463). Consequently, jurisdictional discovery should be focused and, where appropriate, limited. When the issue is specific personal jurisdiction, the discovery must be directed at developing facts showing whether defendant engaged in purposeful conduct in New Jersey related to plaintiff's claims. Jurisdictional discovery is more narrowly focused than merits discovery. While "the presumption of broad discovery is ingrained in our jurisprudence, '[n]evertheless, there are limits.'" Est. of Lasiw by Lasiw v. Pereira, 475 N.J. Super. 378, 395 (App. Div. 2023) (alteration in original) (quoting Lipsky v. N.J. Ass'n of Health Plans, Inc., 474 N.J. Super. 447, 464 (App. Div. 2023)). Jurisdictional discovery, therefore, should not involve a "fishing expedition" into the underlying merits of the legal claims. Marchionda v. Embassy Suites, Inc., 122 F. Supp. 3d 208, 211 (D.N.J. 2015) (quoting LaSala v. Marfin Popular Bank Pub. Co., 410 F. App'x 474, 478 (3d Cir. 2011)).

9

B.    An Evaluation of the Disputed Interrogatories.

Plaintiff argues that LG Chem should be subject to specific personal jurisdiction in New Jersey because LG Chem "repurposes [its] lithium-ion cells that do not meet the specifications needed to sell them to 'sophisticated companies' and directs them to the State of New Jersey."  In that regard, plaintiff contends that LG Chem "recycles, reutilizes, rebrands, remarkets and/or otherwise recharacterizes the lithium[-]ion cells that do not meet the required specifications as would be in line with their closed loop system and recycling goals," and "either directly funnels those recharacterized lithium-ion batteries . . . into New Jersey, or sends them to a third[]party that [LG Chem] knows will sell, distribute, market, donate and/or otherwise send them into New Jersey."

Plaintiff's jurisdictional theory is overly broad and must be tailored. Plaintiff is only entitled to discovery on the question of whether LG Chem purposely availed itself of some benefit in New Jersey related to the explosion of the vape that injured plaintiff.  Applying that correct standard, plaintiff is entitled to an answer to one of the twenty-two interrogatories in dispute.  The one interrogatory that is proper is interrogatory number 71, which asks LG Chem to "[l]ist in detail all of the ways LG Chem . . . recycles, re-purposes, brands, names, uses, sells, ships, and/or distributes [18650 batteries] that do not satisfy

[its] requirements for the rechargeable lithium[-]ion battery to be supplied to the [c]onsumer by LG Chem."  (Emphasis omitted).  LG Chem answered:  "LG Chem never supplied [18650 batteries] to individual consumers.  LG Chem did not sell, distribute, or ship [18650 batteries] that did not satisfy LG Chem's internal requirements."  Plaintiff is entitled to a supplemental answer to clarify what LG Chem does with 18650 batteries that do not meet its specifications.  Consequently, we discern no abuse of discretion in the trial court's order compelling a further answer to interrogatory number 71.

The remaining twenty-one interrogatories in dispute can be analyzed in two groups.  Eighteen of those interrogatories ask LG Chem to describe in detail how it produces batteries "from start to finish" and to describe the capacity, voltage, charge, discharge, weight, operating temperature, storage temperature, appearance, dimensions, test conditions, and specifications for 18650 batteries.  Those interrogatories have nothing to do with jurisdictional discovery, and it was an abuse of discretion for the trial court to order LG Chem to answer those eighteen interrogatories.  Accordingly, we reverse and vacate the portion of the November 18, 2022 order requiring LG Chem to answer interrogatory numbers 2, 3, 7, 11, 15, 19, 23, 27, 31, 35, 39, 43, 47, 51, 55, 59, 63, and 67.

11

Two of the three remaining interrogatories, numbers 92 and 99, ask LG Chem to list all its products that were advertised or sold in New Jersey between 2011 and 2016. In response, LG Chem certified that it did not advertise or sell 18650 batteries in New Jersey between 2011 and 2016. The final interrogatory, number 84, asks LG Chem to explain what steps it took between 2011 and 2016 to ensure that other entities did not distribute or sell its 18650 batteries in New Jersey. LG Chem objected to this interrogatory and did not provide an answer.

The answers and objection provided by LG Chem satisfied the scope of jurisdictional discovery. Plaintiff was not entitled to supplemental answers to interrogatory numbers 92 and 99, nor was plaintiff entitled to an answer to interrogatory number 84. Thus, we also reverse and vacate the portion of the November 18, 2022 order that compelled further answers to interrogatory numbers 84, 92, and 99.

We have taken the time to detail the appropriate scope of discovery and how that standard applies to the specific interrogatories in dispute. In remanding this matter, we direct that the remaining discovery be limited to the standard we have set forth. We also direct that plaintiff is not allowed to serve additional discovery demands or request supplemental answers to any other interrogatories. This matter has been in litigation for over four years, and the issue of whether

12

New Jersey has specific personal jurisdiction over LG Chem related to plaintiff's claims should be resolved expeditiously.

Reversed in part, affirmed in part, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2881-22